## HOLMES v. INDUSTRIAL COTTON MILLS CO., Inc.
### Civ. A. No. 531.

District Court, W. D. South Carolina.
Nov. 20, 1945.

W. Clarkson McDow, of Rock Hill, S. C., for plaintiff.

Wilson & Wilson, of Rock Hill, S. C., for defendant.

WYCHE, District Judge.

I find the facts specially and state separately my conclusions of law in the above cause, as follows:

### Findings of Fact

1. The defendant operates a textile plant in York County, in the western district of South Carolina, and at such plant manufactures goods for shipment in interstate commerce.

2. On or about January 1, 1940, the defendant employed the plaintiff as a watchman, meter reader, process server, and police officer to keep order and protect the property of the defendant, and at the same time, upon the recommendation of the superintendent of the defendant, the plaintiff was appointed deputy sheriff by the sheriff of York County, pursuant to the provisions of Section 3499, Code of Laws of South Carolina, 1942, to perform the duties of a police officer on the property of the defendant, and to protect the property of the defendant as prescribed by law. Plaintiff's duties were to police the village, all of which is owned and maintained by

the defendant and used in connection with its manufacturing plant; to watch over all the property of the defendant, including the manufacturing buildings, warehouses and railroad box cars standing on the defendant's sidings, and loaded with its goods; to watch two water ponds, owned by the defendant and used directly by it in the manufacture of its goods; to keep order and make arrests inside of the mill, if called upon to do so; to serve papers and notices for the defendant; and to read meters for the defendant.

3. As required by law, plaintiff filed his surety bond as deputy sheriff and the defendant paid the premium on the same.

4. The defendant exercised full and complete control over the employment of the plaintiff with the right to hire and fire him.

5. All the compensation for his services was paid by the defendant in accordance with the provisions of section 3499, Code of Laws of South Carolina 1942. Neither the State of South Carolina, nor the County of York paid the plaintiff any amount for the services performed by him as such deputy sheriff or otherwise.

6. As such deputy and employee of the defendant plaintiff was engaged in the production of goods for commerce, within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

7. The records of the defendant show that between January 1, 1940, and February 15, 1941, plaintiff worked for the defendant seven days per week, ten hours per day, seventy hours per week, and was compensated for his services by the defendant at the rate of 35 cents per hour, or $24.50 per week, and that he received no compensation for overtime.

8. Plaintiff during the time of his employment by the defendant worked overtime from January 1, 1940, until October 23, 1940, 1176 hours; and from October 23, 1940, until February 15, 1941, 510 hours, making a total of 1686 hours overtime, for which he has not been paid any amount by the defendant.

9. On or about February 17, 1941, a representative of the Wage and Hour Division of the Department of Labor came to defendant's plant, and after having inspected the records of the defendant, had some discussion with the president and superintendent of the defendant concerning the number of hours worked by the plaintiff.

As a result of this conversation, the president of the defendant, without the knowledge or consent of the plaintiff, dictated the following letter:

"Industrial Cotton Mills Co., Inc.
'Industrial Denims'

L. D. Pitts, Pres. & Treas. Rock Hill, S. C.
I. B. Cauthen, Asst. Treas.
T. B. Jackson, Secretary Feb. 17, 1941.
Mr. L. D. Pitts, President,
Industrial Cotton Mills Company, Inc.,
Rock Hill, S. C.

Dear Mr. Pitts:

I am the deputy sheriff stationed at your mill and after talking to you about the number of hours which I work each day in each week, I will say that I am conservative in saying that I do not work over 8 hours in any day or not over 40 hours in any week, and it is perfectly satisfactory to me to pay me my present salary of $24.50 per week, based on the number of hours I am now working. I make this statement voluntarily and of my own accord.

Yours very truly
/s/ A. C. Holmes
OK L. D. Pitts".

After the representative of the Wage and Hour Division had left, and after the letter was written, the superintendent of the defendant, by direction of the president, went to plaintiff's house and told him that the labor man was down there and it looked like he was going to make away with plaintiff's job, that Mr. Pitts wanted to see him in the office, that Mr. Pitts said he would abolish the job if he had to pay time and a half for over 40 hours. Upon the plaintiff's arrival in the president's office, the president read the letter to the plaintiff and told him that if he would sign that letter it would "clear us under the Wage and Hour ruling", and in order for him to hold his job he would have to sign that letter. Whereupon, the plaintiff, in order to hold his job, signed the letter. After plaintiff signed the letter he was carried on the books of the defendant at 40 hours per week, instead of 70 hours per week, and plaintiff was given a time book and instructed to keep account of the hours worked by him.

Conclusions of Law

1. This court has jurisdiction of the controversy.

2. The defendant is subject to the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

3. From January 1, 1940, until October 23, 1940, plaintiff is entitled to recover overtime for work in excess of 42 hours per week, at the rate of one and one-half times the regular rate at which he was employed; from October 23, 1940, until February 15, 1941, plaintiff is entitled to recover overtime for work in excess of 40 hours per week, at the rate of one and one-half times the regular rate at which he was employed.

4. The plaintiff is entitled to recover of the defendant for 1686 hours overtime compensation, and an additional equal amount as liquidated damages, together with $200, as attorney's fees.

5. Plaintiff signed the letter described in paragraph 9 of the Findings of Fact under duress.

Counsel may submit proposed order for the entry of appropriate judgment accordingly.